IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FRED BOUDREAU, Trustee on behalf of the CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) HEALTH AND WELFARE FUND,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**JAMES GENTILE, an individual, MIDLAND TRANSPORTATION GROUP, INC. f/k/a MIDLAND TRANSPORTATION, INC., MIDLAND LOGISTICS, INC., MIDLAND TRANSPORTATION SERVICE GROUP, LTD., STELLMAN DIRECT, INC., and USMDS, INC., all Illinois corporations,**<br><br>　　　　Defendants.<br><br>**MIDLAND TRANSPORTATION SERVICE GROUP, LTD., an Illinois Corporation, MIDLAND TRANSPORTATION GROUP, INC., an Illinois Corporation, MIDLAND LOGISTICS, INC., an Illinois Corporation,**<br><br>　　　　Counter-Plaintiffs,<br><br>　　v.<br><br>**FRED BOUDREAU, Trustee on behalf of the CHICAGO TRUCK DRIVERS, HELPERS AND WAREHOUSE WORKERS UNION (INDEPENDENT) HEALTH AND WELFARE FUND,**<br><br>　　　　Counter-Defendant. | No. 07 C 5273 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Fred Boudreau, a trustee on behalf of the Chicago Truck Drivers Helpers and Warehouse Workers Union (Independent) Health and Welfare Fund ("the Fund"), has filed a second amended complaint ("the complaint") to compel an audit, collect allegedly delinquent contributions disclosed by the audit, and to pierce the corporate veil against defendants James Gentile ("Gentile"), Midland Transportation Group, Inc. f/k/a Midland Transportation Inc. "Transportation Group"), Midland Logistics, Inc.("Logistics"), Midland Transportation Service Group, Ltd. ("Service Group"), Stellman Direct, Inc. ("Stellman"), and USMDS, Inc. ("USMDS"). In response, defendants Transportation Group, Service Group and Logistics (collectively "the counter-plaintiffs") have filed a counter-complaint against the Fund seeking an order requiring the Fund to provide insurance coverage or temporary COBRA benefits to certain individuals. The Fund has moved to dismiss the counter-complaint, or alternatively for summary judgment against the counter-plaintiffs. For the following reasons, the motion to dismiss is granted and the motion for summary judgment is denied as moot.[1]

---

[1] Counter-defendants completely fail to comply with Local Rule 56 in moving in the alternative for summary judgement. In the future, both parties should consult and comply with the local rules if they are to move for summary judgment; otherwise their motions will be stricken.

I.

The following facts are alleged in the counter-complaint. Boudreau is a fiduciary and trustee of the Fund, which is a multi-employer plan that receives contributions from participating employers. Counter-plaintiffs allege Stellman was obligated to contribute to the Fund pursuant to a series of collective bargaining agreements. Stellman is alleged to have reported employee work history to the Fund on pre-printed remittance reports, identifying Stellman as the employer, and tendered by the Fund from at least January 2002 though September 2003. Stellman would purportedly fill out the remittance reports and return them to the Fund. Beginning in October 2003, the pre-printed reports identify the employer as "Stellman, Inc. (Midland Trans)" and, since October 2003 through November 2007, the union sent billing statements to Stellman for payment of contributions on a pre-printed form addressed to "Midland Dist/Stellman, Inc." The checks were issued by one or more of the counter-plaintiffs to the Fund, and not by Stellman. On August 1, 2007, Stellman allegedly advised the Fund that it had not conducted business for over five years, had existed merely as a shell corporation, and did not have any documents or employees. Stellman also filed for bankruptcy in August 2007.

The counter-complaint arises out of the Fund's 2007 denial of benefits to Clether Robinson and Vicki Gentile. They were denied

3

benefits by the Fund on the ground that they were not employed by Stellman, but one of the counter-plaintiffs, and therefore are not eligible for benefits under the collective bargaining agreement.

II.

In assessing movants' motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

III.

Counter-defendants move to dismiss on the ground that the claims in the counter-complaint are preempted by the Employee Retirement Income Security Act ("ERISA"). Specifically, they argue counter-plaintiffs' claims are for the denial of coverage for health and COBRA benefits which requires interpretation of and relates to the Fund's plan. *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan").

4

ERISA contains broad preemption language. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) ("ERISA includes expansive pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'") (citation omitted). "Therefore, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is [] pre-empted." *Id*. at 209. Accordingly, to the extent the counter-complaint seeks relief under state law, the claims are preempted by ERISA.

Counter-defendants also argue that the counter-complaint does not allege facts which establish counter-plaintiffs have any standing as a "participant" or "beneficiaries" under ERISA. *See Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 699-700 (7th Cir. 1991) (only a participant or beneficiary is entitled to file suit under 29 U.S.C. § 1132(a)(1)). Counter-plaintiffs fail to respond to this argument, much less point to any specific language in the complaint which establishes counter-plaintiffs as "participants" or "beneficiary" for purposes of standing under ERISA. In fact, the counter-complaint is silent as to the relationship between Stellman and the counter-plaintiffs. While it alleges payments were made by counter-plaintiffs to the Fund, it does not allege this occurred because counter-plaintiffs were participants in the plan or beneficiaries of any sort.

Accordingly, the counter-complaint does not raise a right to relief above a speculative level and the motion to dismiss is granted.[2]

IV.

For the foregoing reasons, I grant the motion to dismiss the counter-complaint.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 21, 2008

---

[2] Counter-defendants have also moved to dismiss on the ground that the complaint fails to establish counter-plaintiffs have exhausted their administrative remedies. This is an affirmative defense, however, which cannot be the basis to dismiss unless the counter-plaintiffs plead themselves out of court. *See Tregenza v. Great Am. Comm. Co.*, 12 F.3d 717, 718 (7th Cir. 1993).